UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES J. KENNEY,

    Plaintiff,

v.                                                                            C.A. No. 09-349 ML

OFFICER JASON T. HEAD,
OFFICER STEPHEN S. HEAD and
LAURA SITRIN, in her capacity as
Finance Director of the City of Newport,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's motion for a new trial.[1] For the reasons set forth below, Plaintiff's motion is denied.

### I. Facts

Plaintiff, James Kenney ("Kenney") was arrested on August 12, 2006, on a charge that he was obstructing a police officer. Kenney filed a complaint against Officer Jason Head[2] alleging

---

[1] Plaintiff's motion is styled as a motion to alter or amend judgment pursuant to Rule 59(e) but Plaintiff makes clear that, as to the relief sought, "Mr. Kenney should be granted a new trial." Pl.'s R. 59 Mot. 7, April 8, 2011, Docket. No. 45-1. Accordingly, the motion is construed as being a motion for a new trial pursuant to Fed. R. Civ. P. 59(a).

[2] Kenney's claims against the City of Newport were dismissed on summary judgment in a memorandum and order issued by this Court on January 13, 2011. Kenney's claims against Officer Stephen S. Head, who was present at the scene but did not make the arrest, were dismissed on March 15, 2011, pursuant to Defendants' Rule 50(a) motion. This Court's decision on that motion also dismissed the excessive force claim against Officer Jason Head; leaving only the § 1983 false arrest claim and the malicious prosecution claim against Officer Jason Head for the jury's consideration.

1

that his arrest was without probable cause in violation of 42 U.S.C. § 1983 and in violation of Rhode Island state law protecting against malicious prosecution. The central fact question for the jury on both counts was whether Officer Jason Head had probable cause to arrest Kenney on the obstruction charge.

Beginning on March 15, 2011, a two-day jury trial was conducted on Plaintiff's claims. The jury heard testimony from the four Newport police officers who were on duty in downtown Newport on the morning of Kenney's arrest. The jury also heard testimony from Kenney, his friend Brian Bollinger ("Bollinger") who was detained by police for being "disorderly," and a bystander named Gary Mendoza ("Mendoza"). The jury returned a verdict in favor of Officer Jason Head and against Kenney as to all counts.

Plaintiff now argues that this Court committed an error during the course of trial when it sustained Defendants' objection to the introduction of certain testimony as to events transpiring between a non-party witness, Mendoza, and a non-party police officer, Officer Geoghegan. That testimony would have shown that Mendoza's motorcycle had caused a disturbance in downtown Newport on the morning of Kenney's arrest and that one or more of the officers in the area issued him a citation. Kenney and his friend Bollinger saw the ticket being issued. They then approached Mendoza and the motorcycle and thereafter began interacting with Newport Police.

During trial, Kenney's attorney sought to elicit from Mendoza testimony as to his alleged encounter with Officer Geoghegan during the issuance of the traffic citation. The interaction is alleged to have occurred prior to Kenney's arrest but within his view as he was walking down the street. According to Kenney, the exchange between Mendoza and Officer Geoghegan precipitated his involvement with police that morning.

Defense counsel objected to the line of questioning on grounds of relevancy and prejudice. Trial Tr. 39:1-41:8, March 15, 2011. The objection was sustained and this Court ruled that the exchange was irrelevant on the question of whether or not Officer Jason Head had probable cause to arrest Kenney for obstructing the officers while they detained Bollinger.

At the time that this Court sustained the objection, Kenney's attorney made an offer of proof and asserted that, if allowed to testify as to the matter, Mendoza would state that "Geoghegan told him in an angry manner [to] put the engine off and he then said . . . that if . . . [you] did that in my town I'd shoot you in the F-ing head." Trial Tr. 40:15-41:2. Kenney now seeks a new trial, arguing that the Court's decision to sustain Defendants' objection constituted a manifest error because the jury was deprived of the "proper perspective of what transpired thereafter between the defendant officer Jason Head and the plaintiff James Kenney." Pl.'s R. 59 Mot. 3, April 8, 2011, Docket No. 45-1. Kenney argues that the jury was deprived of information that would have permitted it to fairly consider the issue of probable cause.

## II. Standard

A "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)-(1)(A). A district court may exercise its discretion and grant such a motion if it finds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence." Rivera Castillo v. Autokirey, Inc., 379 F.3d 4, 13 (1st Cir. 2004) (quoting Cigna Fire

Underwriters Co. v. MacDonald & Johnson, Inc., 86 F.3d 1260, 1262-63 (1st Cir. 1996)).

A district court may "order a new trial whenever, in its judgment, the action is required in order to prevent injustice." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009) (quoting Kearns v. Keystone Shipping Co., 863 F.2d 177, 181 (1st Cir. 1988)). In doing so, the court is free to independently weigh the evidence and may consider the credibility of witnesses. See Jennings, 587 F.3d at 436.

### III. Discussion

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Kenney argues that the Court committed an error when it sustained Defendants' objection to the introduction of evidence of Officer Geoghegan's alleged statements to Mendoza on grounds that the exchange was irrelevant. The Court finds no such error.

The substance of Kenney's claims related to Kenney's interactions with police after the issuance of the traffic citation, and the focus of the jury's deliberations was whether or not there was probable cause for Kenney's arrest on an obstruction charge.[3] Testimony regarding the dialogue between Officer Geoghegan and Mendoza would not elucidate the objective facts surrounding Kenney's arrest for obstructing the officers while they detained Bollinger. Kenney's arrest centered around his interactions with Officers Jason Head and Stephen Head while they detained Bollinger. The probable cause determination for that arrest bears no direct relationship

---

[3] The Court instructed the jury that probable cause for arrest exists where the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been committed and that the arrestee is likely a perpetrator. The Court further instructed the jury that such determinations are based on objective facts and not the officer's subjective intent.

4

to Mendoza and Geoghegan's alleged interaction. Consequently, it was irrelevant what Officer Geoghegan, a non-party police officer, said to Mendoza, a non-party witness, prior to Bollinger being detained and Kenney being arrested. Nothing in the interaction would have a tendency to make the existence of any fact relating the issue of probable cause for Kenney's arrest more or less probable. See Fed. R. Evid. 401.

As an additional matter, the Court agrees with Defendants' argument that even if such testimony were relevant, "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Officer Geoghegan was not a party to this case and any testimony as to his conduct and whether or not it was of a professional nature was substantially outweighed by the risk of confusing the issues and misleading the jury as to the matter before it, namely the probable cause determination for Plaintiff's arrest on an obstruction charge.

## IV. Conclusion

For the reasons set forth above and for the reasons articulated in Defendants' objection, Plaintiff's motion for a new trial is DENIED.

SO ORDERED

Mary M. Lisi
United States District Judge
May _10_, 2011